

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00020-CR

Corey **DENTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR7707
Honorable Melisa Skinner, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
             Luz Elena D. Chapa, Justice
             Jason Pulliam, Justice

Delivered and Filed:  March 4, 2015

DISMISSED

Corey Dents pleaded nolo contendere to a second offense of Assault-Family pursuant to a plea bargain agreement. As part of his plea-bargain, Dents signed a separate "Waiver of Appeal." The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Dents timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e). The clerk's record,

which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and that the trial court denied permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case and Dents does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On January 23, 2015, we gave Dents notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing Dents has the right to appeal were signed by the trial judge and made part of the appellate record by February 13, 2015. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing Dents has the right to appeal has been filed. We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH